**BENJAMIN BURTON, Executor of Mary Burton, Executor of Woolsey Burton, v. CHARLES McCULLEN, Executor of Rachel Pettit, Administratrix of Edmund Pettit.**

Supreme Court. October, 1807.

*Wells' Notebook, 353.*

*Bayard, Vandyke, Horsey* [and] *Cooper* for plaintiff. *Robinson* and *Wells* for defendant.

After the plaintiff had gone through his testimony, the defendant moved for a nonsuit. First, on the ground that an executor of an executor shall not be charged with a *devastavit* by his testator, Cowp. 372, 3 Salk. 125 s. 4, Leon. 241, 1 Com.Dig. 364, 365; 11th section of 6th article of Constitution [of] Delaware respecting abatement of suits is limited to those where the cause of action survives. Such being the common law, the statute, 30 Car. II, was passed which gives the remedy. That statute was a temporary one and was made perpetual by Statute, 4 & 5 Will. & Mary [c. 24, s. 12]. Duke of York's deed to Mr. Penn was in 1682. Statute, 30 Car. II [c. 7], was in the year 1678. See 1 Dall. 67 as to statute extending to this colony: all such as were fit and suitable and passed before the settlement of this colony, and since that event all such in which the colonies are mentioned, and no others. Second, on the ground that the accounts of the Register cannot be impeached here; that the regular course is to appeal from the decision of the Register to the Orphans' Court.

PER CURIAM. On the first ground we are of opinion that the Statute of William and Mary has been extended by practice. On the second ground, the Court said that the accounting is to be considered only as *prima facie* evidence, but the plaintiff has

a right to prove that the administrator did not legally administer the assets according to law. It cannot be conclusive as to creditors; it may, between legatees, etc. The Court refuse nonsuit.